## ALEXANDRE DECLOUET *v.* BELIZAIRE BOREL.

A real servitude, to be valid, should express and describe the estate in favor of which it is established, especially where it is shown that the party claiming such servitude was the owner of several estates at the time the servitude was acquired.

Under the Spanish law, the usufructuary had only the right to grant leases of the property held by him, and the usufruct terminated if he alienated his right, and it also terminated at the death of the usufructuary, as under our law.

A clause, in an agreement establishing a usufruct, by which it is provided that such usufruct shall be heriditable, must be considered as not written.

APPEAL from the District Court of the Parish of St. Martin, *Simon*, J, *Simon & Gary*, for plaintiff and appellee. *Deblanc & Fusilier*, for defendant and appellant.

MERRICK, C. J. The principal facts in this case are correctly stated by defendant's counsel as follows :

"On the 4th of May, 1804, *Olivier Devezin* and *Louis Judice* made an exchange by means of which the latter gave to the former a tract of land having 17 arpents

in front on the western bank of the Bayou Teche, in exchange for a tract of land having 16 arpents in front on the eastern bank of said bayou. In this act, it was stipulated 'que sur les 17 arpents sur la partie occidentale aux stipulations précédentes que cède le sieur *Louis Judice* au sieur *Olivier Devezin*, que le bois qui se trouve dessus sera partagé en deux parties égales par une perpendiculaire qui sera tirée en présence de témoins, en prenant de la rivière en allant à la prairie; cette jouissance de la moitié dudit bois, restera héréditaire aux hoirs ou ayant cause dudit sieur *Louis Judice*, sans que, dans aucun temps ni pour quelque raison que ce soit, que ni mondit sieur *Olivier Devezin*, ses hoirs ou ayant cause puissent inquiéter et porter aucun empêchement, opposition et contradiction à la pleine et entière exécution du contenu au présent acte, sans en rien omettre ni réserver.

The plaintiff, by virtue of a number of mesne conveyances, claims the actual ownership of the lands on the eastern bank of the river Teche which were given in exchange to *Louis Judice*, and upon which, he contends, the right conceded by the clause above quoted, is attached as a servitude.

" The tract of land on the western bank of the river, given in exchange by *Louis Judice* to *Olivier Devezin* and upon which the plaintiff claims the servitude, by several mesne conveyances, became the property of *Charles Olivier Duclozel*. But in the act constituting his ownership to a portion of it, *Mrs. Carmelite Amy*, his vendor, has reserved for herself and assigns 'que tout le bois qui se trouve sur la dite portion de terre et qui pourra y croître par la suite, à partir du bayou jusqu'au grand chemin, n'est pas compris dans cette vente; la dame venderesse se le réservant expressément, ainsi que la faculté d'en user de la manière qu'elle le jugera convenable!

"On the 10th of April, 1860, the defendant purchased from *Mrs. Carmelite Amy* her right to the exercise of the reservation made in her favor in the deed of sale just above referred to."

" Immediately after this purchase, *Belisaire Borel*, the defendant, set to fell tim- ber on the land in question, and the plaintiff sued out the injunction which is the object of the present suit."

Judgment having been rendered in favor of plaintiff defendant appeals.

The act of exchange between *Olivier Devezin* and *Louis Judice* of 4th May, 1804, was executed at a time when the Spanish law was in force and consequently must receive its construction or interpretation with reference to that law, and the plaintiff cannot possibly have any greater right than *Louis Judice* had reserved, for the reason that he claims through him by mesne conveyances.

It appears to us, to be clear that by the act of exchange *Louis Judice* trans- ferred to *Olivier Devezin* the property in the soil of the seventeen arpents of land on the west bank of bayou Teche, because he expressly declared in the act of ex- change that he transferred all his rights to the said land in full property to *Devezin*.

What than did he reserve? was it any part of the property thus alienated? This could not be, for there could not be two exclusive owners of the same thing.

The right there reserved was subordinate to that of the owner; of him who held the *dominium*. If so, then the most favorable view we can take of *Judice's* right is to consider it one of the servitudes allowed by the Spanish law.

Was it a *real* servitude? One established in favor of the plantation conveyed by *Devezin*? We cannot come to this conclusion, because there is no clause in the act so constituting the servitude, and *Judice* was the owner of other lands

(as appears by the same act) for which, with equal propriety, it might be assumed that the servitude was reserved. 8 An. 152.

It was then a personal servitude. But among personal servitudes the right of the usufructuary is the most perfect. We will therefore assume that *Judice* retained the usufruct.

Here again under the Spanish law the usufructuary had only the right to grant leases of the property held by him and the usufruct terminated if he alienated his right; and it also terminated at the death of the usufructuary, as under our own law. 1 Moreau & Carleton's Partidas, p. 424, 3, 31, law 24.

The term "ayant cause" used in the act could therefore only refer to lessees and the words of inheritance must be considered as not written. Were personal servitudes capable of such perpetuity by inheritance and transfers as contemplated by plaintiff, it is obvious that titles to estates would become by their complications far removed from that simplicity which has even been the policy of our law to preserve. C. C. 705.

As the plaintiff has never acquired any servitude upon, nor any real right in or to the tract of land on the west side of the bayou in question, it is useless to consider what are defendant's rights. If plaintiff be without title, the acts of the former possessors of these tracts will not avail him.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of defendant with costs in both courts.